**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5945

JERRY WAYNE PREVITTE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, District Judge.
(CR-95-29-BO)

Submitted: October 17, 1996

Decided: October 25, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, David J. Cortes, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jerry Wayne Previtte was convicted by a jury of being a felon in possession of a weapon, in violation of 18 U.S.C.§ 922(g) (1994), and for being in possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d) & 5871 (1994). He was sentenced to serve a total of 210 months imprisonment. Previtte appeals, contending that his conviction was not supported by sufficient evidence. He also argues that the district court erred in its supplemental jury instructions on constructive possession. Finding no error, we affirm.

For sufficiency of the evidence claims, we review the evidence in a light most favorable to the Government and determine whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Previtte contends that he did not have constructive possession over the weapon; he argues that the weapon belonged to his ex-roommate, and he did not exercise dominion and control over the weapon. Constructive possession may be proved by showing that the defendant had the power and intent to exercise dominion over the firearm and knew it existed. See United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992). The evidence in this case was more than sufficient to support the jury's verdict.

Incident to Previtte's arrest for burglary, he consented to a search of his home and alerted the police officers that a sawed-off shotgun was located under the couch. The police searched Previtte's residence and found a loaded sawed-off shotgun and ammunition in the closet of the front bedroom. Previtte informed officials that the gun came from a man named McElveen, who occupied the front bedroom when he lived with Previtte. In response to an officer's inquiry about how

2

he could contact McElveen, Previtte reported that he had not seen or heard from McElveen for approximately three weeks.

Viewing this evidence in the light most favorable to the Government, we find that a rational trier of fact could reasonably conclude that Previtte had dominion and control over the weapon. Although the weapon allegedly belonged to his roommate, McElveen, who left the gun in the home, Previtte had not seen him in three weeks and did not know how to contact him. Previtte knew that McElveen had left the weapon in his home; he instructed the police officers that the weapon was located under the couch. Further, he had unhindered access to the bedroom where the weapon was actually found. Previtte's convictions were therefore properly supported by sufficient evidence.

Previtte also challenges the supplemental instructions given to the jury on the concept of constructive possession. Previtte did not object at trial to the instructions given or offer alternate instructions; therefore, he has waived appellate review. Fed. R. Crim. P. 30; United States v. Bryant, 612 F.2d 799, 803 (4th Cir. 1979), cert. denied, 446 U.S. 919 (1980). Previtte's challenge may survive this waiver only if the district court's failure to properly instruct the jury was clear error, as defined by Fed. R. Crim. P. 52(b). United States v. McCaskill, 676 F.2d 995, 1001-02 (4th Cir.), cert. denied, 459 U.S. 1018 (1982). Because the district court accurately instructed the jury on constructive possession, both in the original and the supplemental instructions, we find the district court did not clearly err.

For the foregoing reasons, we affirm Previtte's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3